UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDRO ROMAN,<br>        Petitioner,<br>    v.<br>S. FRAUENHEIM,<br>        Respondent. | Case No. 16-cv-02985-HSG<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 45 |

Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 1994 state court conviction. Almost three years ago, the Court dismissed this petition as procedurally defaulted. Now pending before the Court is petitioner's "Motion to Reconsider [the] Unresolved Issue of Controversy With Respect[] to Ineffective Trial Counsel." Dkt. No. 45. For the reasons set forth below, the Court DENIES this motion.

## PROCEDURAL BACKGROUND

The instant petition for a writ of habeas corpus challenges petitioner's 1994 state court conviction on the grounds that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose various pieces of exculpatory evidence showing that the victim posed a threat to petitioner at the time of the shooting, which forced petitioner to act in self-defense. Dkt. Nos. 1, 8. On May 30, 2017, the Court dismissed the petition as procedurally defaulted, denied a certificate of appealability, entered judgment in favor of respondent, and closed the case. Dkt. Nos. 28, 29.

Since the Court entered judgment against petitioner almost three years ago, petitioner has unsuccessfully continued to seek relief in various ways. Petitioner filed an unsuccessful motion for reconsideration (Dkt. Nos. 31, 32); unsuccessfully sought a certificate of appealability from the Ninth Circuit Court of Appeals so that he could appeal the denial of this petition (Dkt. Nos. 33,

1   40); unsuccessfully sought to reopen this case in order to consider a claim that trial counsel was
2   ineffective because he (or she) possessed the exculpatory evidence at the time of trial (Dkt. Nos.
3   43, 44); and unsuccessfully sought leave from the Ninth Circuit Court of Appeals to file a second
4   or successive petition (Dkt. No. 43-1 at 36-41).

## DISCUSSION

Petitioner has filed a "Motion to Reconsider [the] Unresolved Issue of Controversy With Respect[] to Ineffective Trial Counsel." Dkt. No. 45. Petitioner argues that the Court's failure to resolve his ineffective assistance of trial counsel claim on the merits constitutes a miscarriage of justice that excuses any procedural default, and that the fact that he is a "greenhorn at law" and that he was mistaken in his assumption that appellate counsel would raise all viable issues on appeal constitute cause to excuse any procedural default.

As explained in the Court's February 3, 2020 Order, the instant petition and action only alleged *Brady* claims; no ineffective assistance of trial counsel claim was raised. Dkt. No. 44. A claim that the prosecution withheld exculpatory evidence, i.e. a *Brady* claim, is distinct from a claim that trial counsel was ineffective for failing to present exculpatory evidence at trial, i.e. an ineffective assistance of counsel claim. A petitioner does not present all possible constitutional claims stemming from a common set of facts merely by raising one specific claim. *Cf. Gulbrandson v. Ryan*, 738 F.3d 976, 993 (9th Cir. 2013) (mere submission of a relevant affidavit to state court not sufficient to place that court on notice of all potential constitutional challenges stemming from that affidavit) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1046-48 (9th Cir. 2003) (holding even though factual basis for claim was submitted to state court, claim itself not fairly presented to that court because facts were used exclusively to support another claim)).

If petitioner wishes for the district court to consider an ineffective assistance of trial counsel claim, he must raise this claim in a separate habeas petition. However, a separate petition claiming ineffective assistance of trial counsel is most likely a second or successive petition, and the Ninth Circuit Court of Appeals has denied petitioner leave to file a second or successive petition. Dkt. No. 43-1 at 36-41.

Regardless of whether such a petition would be second or successive, the Court need not

resolve an ineffective assistance of trial counsel claim in this action, as the petition did not present an ineffective assistance of trial counsel claim. Accordingly, petitioner's request is DENIED. Dkt. No. 45.

## CONCLUSION

For the foregoing reasons, petitioner's "Motion to Reconsider [the] Unresolved Issue of Controversy With Respects to Ineffective Trial Counsel" is DENIED  Dkt. No. 45.

This order terminates Dkt. No. 45.

**IT IS SO ORDERED.**

Dated: 4/29/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

3